

**ORDERED in the Southern District of Florida on January 25, 2016.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 13-17069-RAM |
| | CHAPTER 13 |
| CARLOS LUIS LAPEYRE and IVONNE ALVARE LAPEYRE, | |
| Debtors. | |

## ORDER GRANTING IN PART MOTION TO COMPEL SURRENDER

The Debtors in this chapter 13 case confirmed a plan that provided for the surrender of their interest in one of their properties. After confirmation of the plan, the Debtors filed affirmative defenses and a counterclaim in a foreclosure action filed by the lender who holds a mortgage on the surrendered property. Because the confirmed plan provides for the surrender

of the property, the Court finds that the assertion of affirmative defenses and a counterclaim in the foreclosure case violates the Debtor's confirmed plan. The issue is presented in Nationstar Mortgage LLC.'s ("Nationstar") Motion to Compel Surrender of Property and for Sanctions (the "Motion to Compel Surrender") [DE #193].

## Factual and Procedural Background

On September 29, 2006, the Debtors executed a $2,560,000 note (the "Note") in favor of Countrywide Bank, N.A. secured by a mortgage (the "Mortgage") on property located at 1120 San Marco Rd., Marco Island, Florida 34145 (the "Marco Property"). The Debtors defaulted on the Note and Mortgage by failing to make the August 1, 2008 installment, and all installment payments thereafter. On March 28, 2013 the Debtors filed this chapter 13 case. They listed the Mortgage on Schedule D and identified Bank of America N.A. ("Bank of America") as the creditor. Nationstar is the servicer of the Note and Mortgage. The Debtors' Schedule D did not list the Mortgage on the Marco Property as contingent, unliquidated, or disputed. The Debtors also did not schedule or describe any contingent claims against Bank of America.

The Debtors filed their Fourth Amended Chapter 13 Plan (the "Plan") on August 23, 2013 [DE #103]. The Plan contains the

following language as to the Marco Property: "Debtors surrender their interest in the property located at: 1120 San Marco Rd., Marco Island, Florida 34145, Bank of America Acct No. 150518742 is granted in rem stay relief to pursue its collateral." The Court confirmed the Plan on January 16, 2014 [DE #139] (the "Confirmation Order"). The Debtors' Plan was modified several times and the plan currently in effect is the Fifth Modified Plan filed on June 12, 2014 [DE #178]. The Fifth Modified Plan contains the identical surrender language with respect to the Marco Property.

After confirmation, on December 22, 2014, Nationstar filed a foreclosure action in Collier County against the Debtors (Case No. 11-2014-002771-0001-XX) (the "Foreclosure Case"). On July 7, 2015 the Debtors retained state court counsel and actively began defending the Foreclosure Case. Specifically, on September 23, 2015, the Debtors filed Homeowners' Answer, Affirmative Defenses and Counterclaim [DE #193, pp. 41-67]. The affirmative defenses and counts in the Debtors' counterclaim include, among other things, allegations that the Note and Mortgage are unenforceable and that Nationstar lacks standing to enforce the Note and Mortgage, as well as allegations of fraud in the inducement, violations of the Federal Truth in Lending Act, and unjust enrichment.

In response to the Debtors' vigorous defense of the Foreclosure Case, Nationstar filed its Motion to Compel Surrender. The Court conducted a preliminary hearing on December 8, 2015, and, after determining that further briefing and argument was required, entered its Order Setting Briefing Schedule and Further Hearing on Motion to Compel Surrender [DE #202], which scheduled a further hearing on January 14, 2016. On December 30, 2015 the Debtors filed their response and memoranda objecting to the Motion to Compel Surrender [DE #204], and, on January 8, 2016, Nationstar filed its reply in support of the Motion to Compel Surrender [DE #206]. The Court heard oral argument at the January 14, 2016 hearing.

## Discussion

This is not the Court's first look at the meaning of "surrender" in a chapter 13 plan. Last year, the Court issued its opinion in *In re Calzadilla*, 534 B.R. 216 (Bankr. S.D. Fla. 2015)("*Calzadilla*"). In that case, the debtors' efforts to modify their mortgage utilizing the Court's Mortgage Modification Mediation ("MMM") Program were unsuccessful. Under the MMM Procedures then in place, after a failed mediation, debtors were required to amend the plan to conform to the

4

lender's proof of claim or provide for surrender of the property subject of the mortgage.[1]

The debtors in *Calzadilla* amended their plan to provide for stay relief to the lender, but did not use the term surrender. The lender objected and the Court had to determine whether stay relief was the equivalent of surrender.  The Court held that surrender means something more than simply stay relief.  Rather, surrender precludes a debtor from contesting the lender's right to complete its foreclosure.

The Court's *Calzadilla* decision adopted the holding and reasoning of Bankruptcy Judge Williamson in *In re Metzler*, 530 B.R. 894 (Bankr. M.D. Fla. 2015) ("*Metzler*"). In *Metzler*, Wells Fargo moved to revoke the order confirming the debtors' chapter 13 plan because the debtors were actively defending Wells Fargo's foreclosure complaint. Like the Debtors here, the debtors in *Metzler* provided for surrender in their confirmed chapter 13 plan. Judge Williamson concluded that surrendering property "means not taking an overt act to prevent the secured

---

[1] Effective July 9, 2015, this Court's Mortgage Modification Mediation Program Procedures were modified.  Under the amended procedures, if mediation is unsuccessful, the debtor no longer has to provide for surrender.  The Debtor now has the option of filing an amended plan that provides that the property will be treated outside the plan and that the lender will be entitled to in rem stay relief to pursue its state court remedies.

5

creditor from foreclosing its interest in the secured property." *Id.* at p. 899.[2]

As noted in *Calzadilla*, Chief Judge Hyman of this district has interpreted the meaning of surrender in a chapter 7 statement of intentions pursuant to 11 U.S.C. §521(a)(2)(A). *In re Failla*, 529 B.R. 786 (Bankr. S.D. Fla. 2014)("*Failla*"). The debtors in *Failla* continued to defend a foreclosure case after stating their intent to surrender the property in their statement of intentions. The court held that the debtors' defense of the foreclosure action "does not comport with the definition of 'surrender,'" and therefore, "the Debtors are not permitted to defend or oppose the foreclosure and/or sale of the Property...." *Failla*, 529 B.R. at 793. Chief Judge Hyman's decision was affirmed on appeal at 542 B.R. 606 (S.D. Fla. 2015). The debtors have filed an appeal to the Eleventh Circuit.

This Court followed *Metzler* in *Calzadilla* and none of the arguments presented by the Debtors in this case have convinced the Court to reconsider its conclusion. Therefore, the Court finds that the Debtors' assertion of affirmative defenses and the prosecution of a counterclaim in the Foreclosure Case is inconsistent with the Plan provision "surrendering" the Marco

---

[2] On December 5, 2013, Judge Williamson entered an Order on Wells Fargo Bank, N.A.'s Motion to Revoke Plan Confirmation [DE# 52 in 8:12-bk-16792]. That Order gave the debtor 14 days to comply with her plan by advising the state court that "she consents to and has no opposition to the foreclosure."

Property, constitutes a breach of the Debtors' obligations under the Plan, and is a violation of the Confirmation Order.

### The Appropriate Remedy

Nationstar seeks broad relief in the Motion to Compel Surrender, including injunctive relief requiring the Debtors to withdraw their affirmative defenses and counterclaim in the Foreclosure Case.  Nationstar also requests sanctions "equal to the accrued interest and litigation tax and insurance expenses resulting from Debtors' failure to surrender." Motion to Compel Surrender, p. 11.

The request for sanctions is denied.  The meaning of "surrender" in chapter 13 plans is not yet settled in the Eleventh Circuit.[3]  Therefore, the Court does not find egregious behavior on the part of the Debtors justifying the imposition of sanctions.

The request for injunctive relief is a closer question. In *In re Kourogenis*, 539 B.R. 625 (Bankr. S.D. Fla. 2015), Judge Olson denied a creditor's motion to reopen a closed chapter 7 case to entertain a lender's motion to compel surrender. The court held that laches barred the relief sought where the chapter 7 case had been closed for five years. The court also

---

[3] As noted earlier, the *Failla* decision is presently on appeal to the Eleventh Circuit.  Perhaps the law in this circuit will be settled if the Eleventh Circuit issues a published opinion in that case.

found that, even if laches did not apply, the bankruptcy court lacked jurisdiction to interfere in the state court litigation.

This Court agrees that if the requested relief is grounded in judicial estoppel, the relief must be sought in the subsequent forum and, in fact, that principle was articulated in this Court's decision in *In re Marty*, 2014 WL 7466757 (Bankr. S.D. Fla. Dec. 31, 2014) (denying state court defendant's request to order the debtor to dismiss a state court lawsuit where the claim was not listed in the debtor's schedules).

The request for injunctive relief here is different. It is not merely an argument for judicial estoppel. Nationstar is arguing that the Debtors are acting in violation of the Confirmation Order. Bankruptcy judges lack jurisdiction to tell state court judges what to do. However, we regularly exercise jurisdiction to tell parties what they can or cannot do in a non-bankruptcy forum, including, in particular, ordering creditors who violate the automatic stay to take corrective action in the non-bankruptcy litigation. Therefore, the Court concludes that it has jurisdiction to order the Debtors to withdraw their affirmative defenses and dismiss their counterclaim in the Foreclosure Case.

For the foregoing reasons, it is –

**ORDERED** as follows:

1. The Motion to Compel Surrender is granted in part.

2. By filing affirmative defenses and a counterclaim in the Foreclosure Case, the Debtors have breached their Plan obligation to surrender their rights in the Marco Property and are in violation of the Confirmation Order.

3. The Debtors are given fourteen (14) days from the date of the entry of this Order to comply with the surrender provision in their Plan by withdrawing their affirmative defenses and moving to dismiss their counterclaim in the Foreclosure Case.

4. Nationstar's request for sanctions is denied without prejudice to Nationstar seeking further relief in this Court if the Debtors fail to comply with this Order.

###

COPIES TO:

Laila Gonzlez, Esq.
10647 North Kendall Drive
Miami, FL  33176
(Counsel for Debtors)

Michael A. Frank, Esq.
10 NW LeJeune Road, Suite 620
Miami, FL  33126
(Special Counsel for Debtors)

Andrea S. Hartley, Esq.
AKERMAN LLP
One S.E. Third Avenue, 25th Floor
Miami, FL  33131
(Counsel for Nationstar)

```
Nancy K. Neidich, Chapter 13 Trustee
P.O. Box 279806
Miramar, FL  33027
```